IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ETTA MARIE BIRDO-USAND, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO.: 4:21-cv-522 |
| UNITED PARCEL SERVICE, INC. | § § § | |
| *Defendant.* | § § § | |

## DEFENDANT'S NOTICE OF REMOVAL

United Parcel Service, Inc. (Ohio) ("UPS"), Defendant in the above-entitled and numbered action, files this Notice of Removal of the underlying state court action under 28 U.S.C. §§ 1332 and 1441, and in support thereof, respectfully shows the following:

### I.   INTRODUCTION

1. Defendant removes this state-law action brought by Plaintiff Etta Marie Birdo-Usand, under 28 U.S.C. §§ 1332 & 1441 and based on diversity jurisdiction. UPS and Birdo-Usand are citizens of different states, and Birdo-Usand seeks damages in excess of the $75,000 threshold required for the exercise of diversity jurisdiction. UPS also files this Notice of Removal within thirty days of service of Birdo-Usand's Original Petition, the first pleading to allege removable claims in this cause, as required by 28 U.S.C. § 1446(b).

### II.   FACTUAL BACKGROUND

2. On March 9, 2021, Birdo-Usand filed her Original Petition against UPS in the 17th Judicial District Court in Tarrant County, Texas, styled *Etta Marie Birdo-Usand v. United Parcel Service, Inc.*; Cause No. 017-323915-21. Ex. 1, Pl.'s Orig. Pet.

1

3. Birdo-Usand served UPS with her Original Petition on March 12, 2021. *See* Ex. 2, Proof of Service.

4. UPS thereafter timely filed its General Denial and Defenses on April 2, 2021. *See* Ex. 3, Def.'s General Denial & Defenses.

5. UPS now timely files its Notice of Removal within 30 days of receiving service of process of Birdo-Usand's Original Petition in accordance with 28 U.S.C. § 1446(b)(1).

### III.   ARGUMENTS & AUTHORITIES

Under 28 U.S.C. § 1441, a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." In the present case, the Court possesses diversity jurisdiction because "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). As explained in detail below, both diversity jurisdiction requirements are satisfied in this case.

#### A.   *UPS and Birdo-Usand Are Citizens of Different States.*

Section 1332(c)(1) states that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ." 28 U.S.C. § 1332(c)(1). Under this definition, UPS is not, and was not at the time this lawsuit was filed, a citizen of the State of Texas and is completely diverse in citizenship from Birdo-Usand. *See* Ex. 1, Pl.'s Orig. Pet. at ¶ 3 (alleging UPS is "a corporation organized under the laws of the state of Delaware[1] with a principal place of business located at 55 Glenlake Parkway, N.E., Atlanta, Georgia…"). Birdo-Usand, on the other hand, is a citizen of the State of Texas. *See* Ex. 1, Pl.'s Orig. Pet. at ¶ 2 ("Plaintiff is . . . a citizen of Tarrant County,

---

[1] The Defendant in this case (and Birdo-Usand's employer) is United Parcel Service, Inc. (Ohio) – the small package subsidiary of United Parcel Service, Inc. (Delaware). *See* UPS's Cert. of Int. Parties, filed contemporaneously with this Notice. United Parcel Service, Inc. (Ohio) was incorporated in Ohio, not Delaware. Thus, while Birdo-Usand's specific allegations about UPS's place of incorporation are incorrect, she is correct that complete diversity exists between the parties.

2

Texas."). In other words, UPS and Birdo-Usand are citizens of different states, thereby satisfying the first requirement for diversity jurisdiction.

### B.  *Jurisdictional Amount in Controversy Satisfied.*

The second requirement for diversity jurisdiction—that the amount in controversy exceed $75,000—is also met in this case, as Plaintiff's Original Petition explicitly "seeks monetary relief over $1,000,000.00." *Compare* Ex. 1, Pl.'s Orig. Pet. at ¶ 5, *with* 28 U.S.C. §§ 1332(a) & 1446(c) ("[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . .").

### C.  *Removal is Procedurally Proper.*

Venue is proper in the Northern District of Texas, Fort Worth Division, under 28 U.S.C. §1446(a), as Plaintiff's claim is pending in Tarrant County and Tarrant County is where a substantial part of the events giving rise to Birdo-Usand's claims allegedly occurred. *See generally* Ex. 1, Pl.'s Orig. Pet.

UPS was served with a copy of Birdo-Usand's Original Petition on March 12, 2021. Ex. 2, Notice of Service. UPS now has timely filed this Notice of Removal within thirty days of service of that Original Petition, as required. 28 U.S.C. § 1446(b)(3).

Pursuant to 28 U.S.C. § 1446(a), UPS attaches to this Notice of Removal true and correct copies of Plaintiff's Original Petition (Ex. 1), the Notice of Service of Process (Ex. 2), UPS's General Denial & Defenses (Ex. 3), true and correct copies of the state court's Docket Sheet (Ex. 4), and State Court Notice of Removal (Ex. 5), which constitute all process, pleadings, and orders served to date.

Pursuant to 28 U.S.C. § 1446(d), promptly after this Notice is filed with this Court, UPS will serve written notice of its filing on Plaintiff's counsel. Pursuant to 28 U.S.C. § 1446(d), UPS will also file a true and correct copy of this Notice with the clerk of the 17th Judicial District Court, Tarrant County, Texas.

### III. CONCLUSION & PRAYER

For the foregoing reasons, Defendant United Parcel Service, Inc. (Ohio) prays the United States Court for the Northern District of Texas, Fort Worth Division assumes jurisdiction over this action being removed from the 17th Judicial District Court, Tarrant County, Texas. UPS also prays for all other relief to which it may be entitled.

    Respectfully submitted,

    /s/ *Shannon B. Schmoyer*
    Shannon B. Schmoyer
    Texas Bar No. 17780250
    Christine E. Reinhard
    Texas Bar No. 24013389
    Dylan A. Farmer
    Texas Bar No. 24093417
    SCHMOYER REINHARD LLP
    8000 IH 10 West, Suite 1600
    San Antonio, Texas 78230
    PH: (210) 447-8033
    FX: (210) 447-8036
    sschmoyer@sr-llp.com
    creinhard@sr-llp.com
    dfarmer@sr-llp.com

    Ian B. Hatch
    Arizona Bar No. 035842
    ian.hatch@winkphillips.com
    WICK PHILIPS GOULD & MARTIN, LLP
    100 Throckmorton Street, Suite 1500
    Fort Worth, Texas 76102
    Telephone: (817) 332-7788
    Facsimile: (817) 332-7789

    Marcia Nelson Jackson
    Texas Bar No. 24008411
    marcia.jackson@wickphillips.com
    Wick Philips Gould & Martin, LLP
    3131 McKinney Avenue, Suite 100
    Dallas, Texas 75204
    Telephone: (214) 692.6200
    Facsimile: (214) 692.6255

    **ATTORNEYS FOR DEFENDANT UNITED PARCEL SERVICE, INC. (OHIO)**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served *via CM/ECF* to:

Jamie J. Gilmore
jgilmore@galyen.com
Brittney L. Thompson
bthompson@galyen.com
Bailey & Galyen
1300 Summit Avenue, Suite 650
Fort Worth, Texas 76102
Fax: 817-276-6010

on this 9th day of April, 2021.

/s/ *Shannon B. Schmoyer*
Shannon B. Schmoyer