# EXHIBIT 1

FILED
TARRANT COUNTY
3/9/2021 4:22 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 017-323915-21 _____

| | | |
|---|---|---|
| ETTA MARIE BIRDO-USAND, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| v. | § § | TARRANT COUNTY, TEXAS |
| UNITED PARCEL SERVICE, INC., | § § | |
| Defendant. | § § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

**I.**

### INTRODUCTION

Etta Marie Birdo-Usand ("Plaintiff") Plaintiff files this Original Petition against United Parcel Service, Inc. ("Defendant").

**II.**

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4.

**III.**

### PARTIES

2. Plaintiff is an individual and a citizen of Tarrant County, Texas. The last three numbers of her social security number are 724 and the last three numbers of her Texas driver's license are 953.

3. Defendant is a corporation organized under the laws of the state of Delaware with its principal place of business located at 55 Glenlake Parkway, N.E., Atlanta, Georgia 30328. Defendant may be served with process, including citation and a copy of this lawsuit, by serving

Defendant's registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## IV.

## JURISDICTION

4. The Court has jurisdiction over this action because the amount in controversy, exclusive of interest and costs, is within the jurisdictional limits of the Court.

5. Plaintiff seeks monetary relief over $1,000,000.00.

## V.

## VENUE

6. Venue is proper in Tarrant County because all or a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Tarrant County.[1]

## VI.

## BACKGROUND FACTS

7. Plaintiff worked for Defendant as a seasonal driver in 2014 and 2015 and was hired as a permanent employee on or about September 27, 2016.

8. During Plaintiff's employment with Defendant, Plaintiff drove for Defendant during the holiday seasons for six years in a row with no negative feedback; however, Defendant refused to allow her to be a full-time driver. Plaintiff was promoted four times, based on her seniority, to full-time driver. Each time Plaintiff was promoted, she completed the requisite training and performed at the top of the class. Despite this, each time she was promoted, Defendant found a way to disqualify her just a few days after training.

9. Throughout her employment, Plaintiff made several complaints to human resources and to the corporate office concerning the race (African American) discrimination, sex

---

[1] TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

(female) discrimination, age (49) discrimination, and retaliation she faced while working for Defendant.

10. In April 2017, Plaintiff was offered and accepted a position as a full-time driver. Plaintiff completed the requisite Intergrad Class for drivers on April 28, 2017. Plaintiff's road supervisor, Edward Telles, commended Plaintiff for her knowledge and experience of safety and driving methods.

11. On May 12, 2017, Plaintiff's second day on the road, Plaintiff was informed by Dylan Gourley that she had been disqualified as a driver due to an accident with another vehicle inside the hub before Plaintiff left for her route. The accident was unavoidable considering the circumstances surrounding the event, and the damage was minimal. Plaintiff immediately reported the incident and proceeded with her route. Plaintiff understood and accepted that the disqualification was because she had an accident within the 30-day probationary period. Plaintiff was instructed by the union steward to file a grievance, which she did.

12. On May 16, 2017, Plaintiff sent a detailed letter to Defendant's Board of Directors concerning the disqualification and other safety and policy violations she had observed. Plaintiff listed the following concerns, among several others: 1) special favor towards employees based on color or looks; 2) human resource managers who discriminate in the hiring process, based on race, religion, and age; 3) plotting and planning by management and union stewards that keep worthy employees from advancing in the company, based on race, religion, and age; 4) automatic disqualifications for employees based on race, religion, and age; and 5) language used openly, and often by managers and employees that is vulgar, offensive and borderline sexual harassment.

13. On September 13, 2017, Plaintiff made a written report of safety violations to Ronny Majeske, Preload Plant Manager. Plaintiff advised Mr. Majeske that she would also be sending a copy of the letter with more specific details to the corporate office and board of directors.

14. On December 18, 2017, Plaintiff received a warning for unprofessional conduct for allegedly telling a co-worker that Casey Russell was a racist. Plaintiff protested the warning and acknowledged that she had written corporate about discrimination and provided additional details to Human Resources upon their request, but she had made no further comments about the racism. Plaintiff expressed her belief that the warning was direct retaliation and discrimination for her writing to corporate about the discrimination.

15. In late August or early September 2018, Plaintiff was once again promoted to a full-time driver position and completed the requisite course.

16. On September 19, 2018, Plaintiff was disqualified from applying for a full-time driver position for the following 12-month period for "failing to qualify during training packet." Plaintiff was told that she was disqualified for missing one delivery on September 18, 2020.

17. Plaintiff filed a grievance the next day, explaining that the disqualification was unjust and that the missed package was because it had been misloaded in the back of the truck. Plaintiff explained that she believed the true reason for her disqualification was because she had sent numerous letters to corporate and human resources. Plaintiff indicated that she believed she was being discriminated against due to her race, religion, age, and gender.

18. On July 2, 2019, Plaintiff sent another letter to the Board of Directors concerning discrimination in the workplace and safety violations. In this letter, Plaintiff provided several specific instances of discrimination, including scheduling preferences and inconsistent

disciplinary action. Plaintiff also mentioned hostility in the workplace, with certain employees being allowed to verbally attack co-workers. Plaintiff expressed her concern that this was placing stress on her, affecting her sleep, and causing her to miss work. Plaintiff expressed concerns that she was being discriminated against by her direct manager, Alvis Marrow. Plaintiff reported this conduct to Mr. Majeske, who told Plaintiff he would speak with Mr. Marrow, but Plaintiff noticed no change in behavior.

19. On February 14, 2020, Plaintiff completed the Intergrad course and was informed that she was the 6th person in seniority to receive the training. After Plaintiff waited three weeks, she was told that a hiring freeze had been put into place.

20. On March 16, 2020, Plaintiff was told to report to the Benbrook Center the next day. Plaintiff was immediately concerned because she had heard rumors about discrimination against African Americans at that facility.

21. On March 17, 2020, Plaintiff reported to the Benbrook Center as instructed. On her first day of training, there was immediate and notable tension between Plaintiff and her on-road supervisor, Brandon Murphy. While doing commercial deliveries, Mr. Murphy ran a stop sign. When Plaintiff mentioned the stop sign, Mr. Murphy told her she should worry more about getting out of her 30-packet, rather than trying to supervise him. Mr. Murphy also used profanity during training. Plaintiff explained that she was a pastor and asked that he not speak that way around her. He again told her to worry about getting through her 30-packet.

22. Plaintiff's second day of training involved continued tension with Mr. Murphy. The entire time Plaintiff trained with Mr. Murphy, he was condescending to her. When Plaintiff pulled out of a driveway, packages shifted and had to be reorganized. Mr. Murphy reprimanded Plaintiff, telling her "all this shit isn't nobodies' fault but your own" and "now we have to waste

fucking unnecessary time fixing it." Plaintiff became very upset and started to pray out loud, which made Mr. Murphy angrier. Later in that route, Mr. Murphy passed the stop and made Plaintiff take a 40-pound box more than 200 feet. Because of the weight and distance, Plaintiff used a carry aide to take the package. Mr. Murphy then griped at Plaintiff when she got back in the vehicle for wasting time with a carry aide. When they returned to the facility that day, Mr. Murphy told Plaintiff to take the next day off and run the route to familiarize herself with it. Plaintiff did so on her personal time.

23. On March 20, 2020, Mr. Murphy started the day by telling Plaintiff he did not get enough sleep and would take over the route if she fell behind schedule at any point. Plaintiff approached a sign in an apartment complex that had stop on one side and slow on the back. Plaintiff understood the sign to mean stop for pedestrians and vehicles or slow down if there were none. Mr. Murphy griped at Plaintiff for going slowly through the intersection, so she explained why she did. When they stopped at the next apartment complex, Mr. Murphy jumped out of the vehicle and told Plaintiff she was disqualified and took over the route. Plaintiff called Mr. Telles and Mr. Castro, but neither were available to take the call. Plaintiff asked Mr. Murphy if someone was coming to pick her up from the route or if she needed to have her husband pick her up. Mr. Murphy then said she was not disqualified at this time and could resume her day as a driver helper after she regained her composure.

24. When Plaintiff arrived to work the following Monday (March 23, 2020), Plaintiff's truck and Diad board had already been issued. She was called into the office to meet with Mr. Telles, Mr. Murphy, Bill Long (Union Steward), Mike McMurray (Union Steward), and another call center manager. Plaintiff continued to complain of the discriminatory and

retaliatory treatment she received at work, but nothing was done to resolve Plaintiff's complaints in this meeting.

25. On March 25, 2020, Plaintiff sent a letter to David Abney (President/CEO), Carlene Thomas (Director of HR), George Willis (Director of Operations), and Sergio Castro (District Manager) concerning discrimination in the workplace, disqualification, and safety violations. Plaintiff noted that she had made constant requests for assistance with discrimination over the past 4 years based on her race, gender, and age. Plaintiff also mentioned discrimination and retaliation because others knew she had written to human resources and corporate about problems in the workplace. She expressed her concerns that the confidential information she had provided had clearly become common knowledge and she was being singled out for it. Plaintiff expressed specific concerns that she was, once again, disqualified from becoming a full-time driver. Plaintiff also expressed her specific concerns about the treatment by Mr. Murphy during her training.

26. On June 19, 2020, Plaintiff received an official warning notice for failing to follow company procedures. This write up was for "unreliability and continued unacceptable attendance," despite the fact that Plaintiff's absence on June 18, 2020 was an approved day off through UPS Family and Medical Leave.

27. On June 22, 2020, Plaintiff received a three-day suspension for the June 19, 2020 warning.

28. In August 2020, Plaintiff voluntarily transferred to the Arlington, Texas facility. During the 2020 Christmas season, Plaintiff once again drove for Defendant and received no discipline for her driving. In December 2020, Plaintiff again bid to become a full-time driver, but Plaintiff has still not been given the full-time driver position.

## VII.

## CONDITIONS PRECEDENT

29. Plaintiff filed the attached Charge of Discrimination with the Equal Employment Opportunity Commission, and this Charge was dual filed with the Texas Workforce Commission pursuant to those agencies' work sharing agreement.

30. The Charge was filed within 180 days after adverse action against Plaintiff.

31. More than 180 days have passed since the Charge was filed and no action has been taken.

32. Plaintiff has timely exhausted all of her administrative remedies.

## VIII.

## CAUSES OF ACTION

A.  **Cause of Action—Sex Discrimination—TCHRA**

33. Plaintiff incorporates each of the foregoing paragraphs.

34. Defendant discriminated against Plaintiff because of her sex.

35. Plaintiff was treated differently than similarly situated males.

36. Defendant's actions violated section 21.051 of the Texas Labor Code.

B.  **Cause of Action— Race Discrimination—TCHRA**

37. Plaintiff incorporates each of the foregoing paragraphs.

38. Defendant discriminated against Plaintiff because of her race.

39. Defendant's actions violated section 21.051 of the Texas Labor Code.

C.  **Cause of Action—Age Discrimination—TCHRA**

40. Plaintiff incorporates each of the foregoing paragraphs.

41. Defendant discriminated against Plaintiff because of her age.

42. Defendant's actions violated section 21.051 of the Texas Labor Code.

**D.     Cause of Action—Unlawful Retaliation—TCHRA**

43.     Plaintiff incorporates each of the foregoing paragraphs.

44.     Plaintiff engaged in protected activity as set forth in Texas Labor Code section 21.055.

45.     In response, Defendant retaliated against Plaintiff.

46.     Defendant's actions violated section 21.055 of the Texas Labor Code.

## IX.

## DAMAGES

47.     Plaintiff incorporates each of the foregoing paragraphs.

48.     Defendant's actions violated the TCHRA, which entitles Plaintiff to recover from Defendant back pay, front pay, compensatory damages, as well as pre-judgment and post-judgment interest.

49.     Because Defendant's actions were done with malice and/or reckless indifference to Plaintiff's state-protected rights, Plaintiff is entitled to recover from Defendant punitive damages.

50.     Plaintiff seeks all damages available to her under the TCHRA.

51.     Because Defendant's actions were done with actual malice, Plaintiff is entitled to recover punitive damages from Defendant.

52.     Plaintiff seeks all damages available to her under the Texas Anti-Retaliation Statute.

## X.

## ATTORNEYS' FEES AND COSTS

53.     Plaintiff incorporates each of the foregoing paragraphs.

54.     Plaintiff retained the services of undersigned counsel to prosecute her claims.

55. Pursuant to Texas Labor Code section 21.259, Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees.

## XI.

## INJUNCTIVE AND DECLARATORY RELIEF

56. Plaintiff incorporates each of the foregoing paragraphs.

57. Plaintiff requests the Court enter an order providing injunctive and declaratory relief including, but not limited to:

    a. Prohibiting Defendant from engaging in unlawful discrimination;

    b. Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

    c. Paying court costs;

    d. A declaration that Defendant violated Plaintiff's rights under Chapter 21 of the Texas Labor Code and engaged in unlawful employment discrimination; and

    e. Any additional equitable relief the Court deems proper.

## XII.

## RESPONDEAT SUPERIOR

58. Plaintiff incorporates each of the foregoing paragraphs.

59. Defendant is liable for the acts and/or omissions of its respective agents, representatives, employees, servants, and officers.

## XIII.

## PRESERVATION OF EVIDENCE

60. Defendant is hereby given notice that any document or other material, including electronically stored information that may be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is concluded.

## XIV.

## NOTICE PURSUANT TO RULE 193.7

61. Plaintiff provides notice to Defendant pursuant to Rule 193.7 of the Texas Rules of Civil Procedure that Plaintiff may utilize as evidence during the trial of this lawsuit all documents exchanged by the parties in written discovery in this case.

## XV.

## JURY DEMAND

62. Plaintiff demands a trial by jury.

## XVI.

## PRAYER

63. Plaintiff respectfully requests that Defendant be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment awarding Plaintiff:

    A. Back pay and front pay (including benefits);

    B. Compensatory damages;

    C. Punitive damages;

    D. Reasonable attorneys' fees and expert fees;

    E. Injunctive and declaratory relief, including but not limited to, an Order:

        a. Prohibiting Defendant from engaging in unlawful discrimination;

        b. Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

        c. Paying court costs;

        d. A declaration that Defendant violated Plaintiff's rights under Chapter 21 of the Texas Labor Code and engaged in unlawful employment discrimination; and

        e. Any additional equitable relief the Court deems proper;

F.     Court costs;

G.     Pre-judgment and post-judgment interest at the rate set by law; and

H.     All legal or equitable relief this Court deems proper.

Respectfully submitted,

*/s/ Jamie J. Gilmore*
Jamie J. Gilmore
State Bar No. 24045262
jgilmore@galyen.com
Brittney L. Thompson
State Bar No. 24104618
bthompson@galyen.com
**BAILEY & GALYEN**
1300 Summit Avenue, Suite 650
Fort Worth, Texas 76102
Telephone: 817-276-6000
Facsimile: 817-276-6010
**ATTORNEYS FOR PLAINTIFF**

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>450-2020-04527 |
|---|---|---|

TEXAS WORKFORCE COMMISSION CIVIL RIGHTS DIVISION and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| MRS. ETTA M BIRDO-USAND | | 1971 |

Street Address / City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| UPS | 501+ | (817) 347-3159 |

Street Address / City, State and ZIP Code
1300 NORTHSIDE DR, FT WORTH, TX 76102

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br>☒ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION<br>☐ OTHER (Specify) | Earliest: 06-01-2017  Latest: 03-20-2020<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

**PERSONAL HARM:**
During my employment with the above-named Respondent, I have been promoted three times, based on my seniority, to full-time driver. Each of the three times I have been promoted, I have been disqualified on the third day of training. I believe this is due to race, sex, age and retaliation. I also believe that but-for my complaints of discrimination, I would have not been denied the promotion.

Additionally, I have driven for the company during the Holiday seasons for six years in a row with no negative feedback; however, when it comes to being promoted to a full-time driver, three (3) times, I have been immediately disqualified on the third day of training.

**RESPONDENTS REASON FOR ADVERSE ACTION:**
None given.

**DISCRIMINATION STATEMENT:**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Etta Birdo-usand on 06-04-2020 11:27 AM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>**450-2020-04527** |
|---|---|---|
| **TEXAS WORKFORCE COMMISSION CIVIL RIGHTS DIVISION** | | and EEOC |
| *State or local Agency, if any* | | |

I believe that I have been discriminated against because of my race (Black) and sex (female), in violation of Title VII of the Civil Rights Act of 1964, as amended. I believe that I have been retaliated against in violation of Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended. I believe that I have been discriminated against because of my age, 48, in violation of the Age Discrimination in Employment Act of 1967. I believe that I have been retaliated against in violation of Section 4(d) of the Age Discrimination in Employment Act of 1967.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Etta Birdo-usand on 06-04-2020 11:27 AM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

### CITATION                                    Cause No. 017-323915-21

ETTA MARIE BIRDO-USAND
VS.
UNITED PARCEL SERVICE, INC.

**TO: UNITED PARCEL SERVICE INC**

B/S REG AGT/CSC-LAWYERS INCORPORATING SERVICE CO 211 E 7TH ST STE 620 AUSTIN TX 78701-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 17th District Court ,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

ETTA MARIE BIRDO-USAND

Filed in said Court on March 9th, 2021 Against
UNITED PARCEL SERVICE INC

For suit, said suit being numbered 017-323915-21 the nature of which demand is as shown on said PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

JAMIE J GILMORE
Attorney for ETTA MARIE BIRDO-USAND Phone No. (817)276-6000
Address  1300 SUMMIT AVE STE 650 FORT WORTH, TX 76102

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 10th day of March, 2021.

By _____Natalie Thigpen_____
NATALIE THIGPEN

A CERTIFIED COPY
ATTEST: 03/10/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Natalie Thigpen

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN  *01732391521000003*

Received this Citation on the _12th_ day of _MARCH_ , _2021_ at _10:50_ o'clock _A_ M; and executed at _____ within the county of _____ , State of _____ at _____ o'clock ___M on the _____ day of _____ , ____ by delivering to the within named (Def.): _____ defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION , having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____ , ____
to certify which witness my hand and seal of office
(Seal)                                                                              DELIVERED:
County of _____ , State of _____    ON  3 /12 /21
BY LM PSC-16408



Cause No. 017-323915-21

ETTA MARIE BIRDO-USAND

VS.

UNITED PARCEL SERVICE, INC.

ISSUED

This 10th day of March, 2021

    Thomas A. Wilder
  Tarrant County District Clerk
      100 N CALHOUN
  FORT WORTH TX 76196-0402

By      NATALIE THIGPEN Deputy

JAMIE J GILMORE
Attorney for: ETTA MARIE BIRDO-USAND
Phone No. (817)276-6000
ADDRESS: 1300 SUMMIT AVE STE 650

   FORT WORTH, TX 76102

*CIVIL LAW*



*01732391521000003*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL